[No. 8208]

## STATE BOARD OF EQUALIZATION ET AL V. BIMETALLIC INVESTMENT COMPANY ET AL.

1. CONSTITUTIONAL LAW—*Creation of New Offices*—The constitution creates many offices, the duties of which it does not prescribe, but places no limitation upon the creation of others. Among the former is that of county assessor. Sec. 8, art. XIV.*

2. ——*Legislative Power to Modify Functions and Duties of Officials* —As the office of county assessor existed at and prior to the adoption of the constitution, and the functions and duties thereof were defined by territorial laws, and sec. 1 of the constitutional schedule continued in force such laws, so far as not inconsistent with the constitution, until they should expire by their own limitation or were altered or repealed by the general assembly, the duties pertaining to such office may be changed and modified as held in *People ex rel v. Pitcher, ante.**

3. ——*Construction of the Constitution*—In construing the constitution it is to be remembered that it is not the beginning of law for the state, but assumes the existence of a system, well understood, which is still to remain in force and be administered under the limitations and restrictions imposed by that instrument.

Long usage, with acquiescence of the people therein, may be invoked to sustain the interpretation to which it gives countenance.

*Error to Denver District Court.*—Hon. GEORGE W. ALLEN, Judge.

Hon. FRED FARRAR, Attorney General, Mr. NORTON MONTGOMERY and Mr. FRANK C. WEST, Assistant Attorneys General, for plaintiffs in error.

Messrs. BENEDICT & PHELPS, for defendants in error.

Mr. JUSTICE WHITE delivered the opinion of the court:

By order of the trial court, plaintiffs in error, and Clair J. Pitcher, as county assessor, were enjoined, at the suit of defendants in error, from taking any steps

*Syllabus by White, J.

whatever to enforce or carry out any order, resolution, direction or action of the state board of equalization or the Colorado tax commission whereby the assessed valuations of the property of defendants in error, and others in like situation, were increased for the purpose of taxation for the year 1913 over and above the assessed valuations placed thereon by the county assessor for said year. The state board of equalization and the Colorado tax commission, of the parties defendant below, sued out, and prosecute this writ of error from that judgment. At the time the cause was filed here there was pending in this court an original case entitled: *The People of the State of Colorado ex rel The State Board of Equalization and The Colorado Tax Commission, Petitioner, v. Clair J. Pitcher, Commissioner of Finance and Ex-Officio Assessor of the City and County of Denver, Respondent,* involving the validity of the identical acts of the several public boards and officers involved in this suit. Thereupon it was stipulated and agreed by the parties litigant herein that this cause should be determined upon the briefs filed and arguments made in the aforesaid original case. The decision in that case, *ante* 343, 138 Pac. 509, upholds the validity of the acts in question, and directs the performance of the acts which the trial court enjoined. This necessarily requires a reversal of the judgment here involved.

However, as the recent case of *Blomquist et al Idaho Tax Commission v. Board of Commissioners of Bannock County* (Idaho), 137 Pac. 174, is said to be in direct conflict with the conclusions reached in *The People ex rel v. Pitcher, supra,* it is not improper to briefly consider the former case herein and supplement, by additional argument, our views in the latter case. In doing this it is essential to keep in mind that the legislative act under consideration in the Idaho case (Idaho S. L. 1913, p. 167) has no similarity to the Colorado act under consideration

in the *Pitcher* case, except solely that the two acts designate the agencies therein and thereby created, as the tax commission of such states respectively. Moreover, our constitution in regard to revenue officers is, in substantial respects, unlike the Idaho constitution in that regard. While § 6 of art. XVIII of the Idaho constitution provides for the election, every two years in each of the several counties of the state, of certain county officers, including county assessors, and, in that regard, is substantially the same as § 8 of art. XIV of our constitution, there is, in the same section of the former, an express prohibition not found in our constitution against the legislature creating any other county offices. Of course, if the legislature can create no other county offices, it is powerless to authorize other officers than those designated in the constitution, to perform any of the functions of a county officer named in the constitution. Our constitution creates many offices, the duties of which it does not prescribe, but places no limitation upon the creation of others. "In judging what it means we are to keep in mind that it is not the beginning of law for the state, but that it assumes the existence of a well understood system which is still to remain in force and be administered, but under such limitations and restrictions as that instrument imposes." Cooley's Const. Lim. (7th ed.), p. 94. When it was adopted certain territorial statutory laws existed which were continued in force, so far as not inconsistent therewith, "until they expire by their own limitation or are altered or repealed by the general assembly." Schedule, § 1. At and prior to the adoption of the constitution, such instrumentalities of government as sheriffs and county assessors existed, whose functions and duties were defined by statute and frequently changed or modified thereby. As the constitution is not a grant but a limitation of power, and the duties of such officers were defined by statute prior to its adoption, and the

constitutional schedule continued such duties in force "until they were altered or repealed by the general assembly," can there be reasonable doubt of the legislative authority in the premises? Moreover, this view is fortified by legislative construction and long acquiescence of the people therein, as evidenced by the acts creating the office of bailiffs for our district courts, and jury commissioners in various counties, thus taking away from the office of sheriff powers and duties existing in, and pertaining thereto, prior to the adoption of our constitution. We have no doubt as to the soundness of our conclusions. The judgment here involved is, therefore, reversed, the cause remanded, the injunction ordered dissolved, and the suit dismissed.

Decision *en banc.*

Mr. Justice Gabbert, Mr. Justice Hill and Mr. Justice Garrigues dissent.

Decided February 2d, A. D. 1914. Rehearing denied March 2d, A. D. 1914.