No. 9533.

COURTRIGHT PUBLISHING COMPANY ET AL. *v.* BRAY ET AL.

1. PRACTICE—*Appearance.* Action instituted before a Justice of the Peace. His docket, showing an appearance by defendant, and no attempt being made to impeach it, was accepted as conclusive.

An appearance for the purpose of securing a continuance waives any irregularity in the service of summons, as well as in setting of the return day for a date earlier than that prescribed by statute.

2. JUSTICE OF THE PEACE—*Statute Construed.* The amendment of sec. I of art. 6 of the constitution by initiation in 1912 (Laws 1913, p. 678) had not the effect to repeal the provisions of sec. I of the schedule to the Constitution, continuing the then statutory provisions establishing the office of Justice of the Peace.

3. CONSTITUTIONAL LAW—*Questions of, How Presented.* There is no method by which a constitutional question can be certified to this court as an independent and separate matter.

*Error to Denver District Court, Hon. Charles C. Butler, Judge.*

Mr. EDWIN N. BURDICK, Mr. W. H. COURTRIGHT, Pro. Se., for plaintiffs in error.

Messrs. ROGERS, ELLIS & JOHNSON, Mr. PERCY ROBINSON, for defendants in error.

Mr. Justice Bailey delivered the opinion of the court.

Defendant in error, The Weicker Transfer & Storage Company, brought action in the justice court of Henry Bray, the other defendant in error, to recover possession of certain real property in the city and county of Denver, of which plaintiffs in error were tenants. Judgment was entered in favor of the transfer company, for possession and for $255.00 rental, and for costs. Upon petition of the Courtright company and William H. Courtright, a writ of certiorari issued out of the District Court commanding Henry Bray, the justice who entered the judgment, to cer-

tify his records to the District Court for review.   After the issuance of the writ the transfer company, upon motion, was made a party.   The judgment of the justice court was affirmed by the District Court, which judgment is now here for review on error.

It appears that a complaint in forcible entry and detainer was filed in the justice court on September 27, 1918, against the Courtright company and William H. Courtright, by the transfer company.   Summons was made returnable on the third day of October.   There appears to have been no service on Courtright, but the summons upon the corporation recites that a copy was left "with The W. H. Courtright Publishing Company, with E. K. Koon, a person above the age of fifteen years, being a member of the family of said defendant residing upon the premises mentioned in said summons."

"It is contended by plaintiffs in error, that no service of summons was ever had upon William H. Courtright, and that the purported service upon the company, as above set out, is no service; that by reason of such lack of service the justice entering the judgment had no jurisdiction over the parties defendant; and further, that by a constitutional amendment to Article VI of the constitution the office of justice of the peace was abolished in Colorado, and therefore all acts of parties assuming to be justices of the peace are void and without legal effect.

It is admitted by defendants in error that the proof of service upon the Courtright company was defective, and that no service was had upon the other defendant.   According to the record certified from the justice court, however, it appears that the case was twice continued, both times by agreement, and once at least upon request of defendants.   It appears that when the case came on for hearing the defendants moved to quash the summons, which was overruled.   Defendants contend that their appearance at that time was for the sole purpose of having the complaint dismissed upon the ground of lack of service. That the appearance was special and in no sense such an

appearance as waived any rights they may have under their claim of want of service.

It is contended that the continuances were by stipulation merely, and agreed upon out of court, over the telephone. No attempt is made, however, to impeach the record of the justice court, and we necessarily conclude that the defendants did enter a general appearance for the purpose of securing a continuance as shown by the record. By this they are conclusively presumed to have waived any irregularity of service, and in the setting of the return day down for a date earlier than that specified by the statute. Under all the authorities these two defects were cured by the general appearance entered.

The contention that justices of the peace were abolished by constitutional amendment is based upon the following circumstances: The constitution originally provided, in section 1 of article VI, as follows: "The judicial power of the state as to matters of law and equity, except as in the constitution otherwise provided, shall be vested in a supreme court, district courts, county courts, justices of the peace, and such other courts as may be provided by law."

This section was amended in 1912 by initiation, to read as follows: "The judicial power of the state as to all matters of law and equity, except as in the constitution otherwise provided, shall be vested in a supreme court, district courts, county courts and such other courts as may be provided by law." It is urged that this omission of the words "justices of the peace," from the amendments shows an intent to abolish such officials; that justices of the peace are constitutional officers deriving their power solely from that instrument, and therefore the omission of the words quoted above abolished the office.

By the provisions of territorial laws, however, justices of the peace were created and were in existence prior to the adoption of the constitution. *Deitz v. City of Central,* 1 Colo. 328. And in section 1 of the schedule of the constitution it was expressly provided that all laws then exist-

ing should be continued in force, so far as not inconsistent with constitutional provisions, "until they expire by their own limitations, or are altered or repealed by the general assembly." *State Board of Equalization v. Bimetallic Inv. Co.,* 56 Colo. 512. In that case in discussing the effect of the adoption of the constitution this was said: "We are to keep in mind that it is not the beginning of law for the state, but that it assumes the existence of a well understood system which is still to remain in force and be administered, but under such limitations and restrictions as that instrument imposes." ‧ The elimination of the words "justices of the peace" from the amendment to Article VI, can in no sense be construed as a repeal, a limitation or a restriction of the early statute establishing justices of the peace. Indeed, the amendment may well be said to have had the prior statute in view, as it specifically provides for "such other courts as may be provided by law," after enumerating certain judicial tribunals as constitutional courts. Whether other provisions of the constitution make justice courts constitutional tribunals need not be here determined, for the reason that it is manifest that such courts are in any event legislative creations, with full power to the limit of the jurisdiction conferred.

Error is assigned upon the failure of the District Court to certify to this court constitutional questions as to whether justice courts were abolished. Plaintiffs in error themselves invoked the jurisdiction of the District Court in the matter, by suing out the writ of certiorari. Moreover, we know of no method by which a constitutional question can be certified to this court, as an independent and separate matter, for determination. This particular assignment is therefore without merit.

A careful consideration of the record discloses no reversible error and the judgment is affirmed.

*Affirmed.*

Decision *en Banc.*