No. 18,479.

IN RE PETION OF JACK CARVER PATTERSON.
(317 P. [2d] 1041)

Decided November 25, 1957.

Mr. JACK CARVER PATTERSON, pro se.

MR. JUSTICE FRANTZ delivered the opinion of the Court.

PATTERSON was tried on a charge of confidence game, found guilty by a jury, and sentenced to the penitentiary. His efforts thereafter to obtain a "transcript or bill of exceptions" from the trial court without cost to him were unsuccessful. He now has petitioned this court for leave to prosecute a writ of error in forma pauperis.

His inability to pay for and secure a transcription of the trial proceedings is laid before us, together with an affidavit of indigency. Upon this showing Patterson seeks an order from this court directing the trial court to have prepared without cost to him a bill of exceptions in order that a full review may be had here of the entire trial.

Prior to the trial Patterson had satisfied the court that he was indigent and without funds to employ counsel, whereupon the trial court appointed an attorney to represent him in the criminal proceedings.

After the return of the adverse verdict, Patterson filed his motion for new trial. This motion was denied. Patterson then formally requested that he be supplied a free transcript or bill of exceptions, because of indigency, in order that he might seek review of the criminal proceedings in this court. An affidavit in forma pauperis was filed in support thereof. The trial court denied his request.

Thereafter Patterson brought habeas corpus proceedings on the theory that the denial of the free transcript or bill of exceptions was offensive to the due process and equal protection provisions of the Federal Constitution, in that he was denied a review of the criminal proceedings because of his inability to purchase an essential portion thereof, and, therefore, that his incarceration was in violation of his constitutional rights. Again he filed an affidavit of indigency. His petition for writ of habeas corpus was denied by the trial court.

C. R. S. '53, Cum. Supp. '55, 39-7-27, commences thus: "Writs of error in all criminal cases in which a sentence other than death was imposed shall be considered as writs of right and shall be issued within such times as the supreme court shall fix by rule . . ." This section "gives to a defendant in all criminal cases not capital the absolute right to a writ of error." *Caviness v. People,* 27 Colo. 283, 60 Pac. 565.

In the celebrated case of *Griffin v. Illinois,* 351 U. S.

12, 76 S. Ct. 585, 100 L. Ed. 891, the court stated the identical problem presented to us in these words: "Illinois law provides that 'writs of error in all criminal cases are writs of right and shall be issued of course.' The question presented here is whether Illinois may, consistent with the Due Process and Equal Protection Clauses of the Fourteenth Amendment, administer this statute so as to deny adequate appellate review to the poor while granting such review to all others." In that case the petitioners had sought an order from the trial court that they be furnished, without cost to them, the stenographic transcript of criminal proceedings in which they were ultimately convicted and sentenced. They alleged their poverty and the necessity of the transcript to present for review, as in this case, alleged trial errors. Their efforts in this behalf before the trial and supreme courts of Illinois were of no avail. The Supreme Court of the United States held that the denial of the stenographic report of the trial proceedings was, under the circumstances, violative of the Federal Due Process and Equal Protection Clauses. In so holding, the court said:

"There is no meaningful distinction between a rule which would deny the poor the right to defend themselves in a trial court and one which effectively denies the poor an adequate appellate review accorded to all who have money enough to pay the costs in advance. It is true that a State is not required by the Federal Constitution to provide appellate courts or a right to appellate review at all. See, e.g., *McKane v. Durston,* 153 U.S. 684, 687-688. But that is not to say that a State that does grant appellate review can do so in a way that discriminates against some convicted defendants on account of their poverty. Appellate review has now become an integral part of the Illinois trial system for finally adjudicating the guilt or innocence of a defendant. Consequently at all stages of the proceedings the Due Process and Equal Protection Clauses protect persons like petitioners from insidious discriminations."

The trial court should be satisfied that the defendant is not possessed of sufficient means and is actually unable to pay for such record before requiring the transcript or bill of exceptions to be furnished the defendant without cost to him.

■ If, from the showing made, the trial court is satisfied that the defendant is unable to pay for a transcript, its duty is plain—it must order the same to be furnished to him without cost. However, if no motion for a new trial was filed, or if other matters are apparent from the record which would make a bill of exceptions a vain and useless thing, the trial court in ruling on the application would be justified in denying the same.

■ Where an application for a free bill of exceptions is denied, the trial court should make its findings and determination thereon. Findings of fact by the trial court, sufficiently supported, will not be disturbed by this court.

The Supreme Court of the United States was fully cognizant of the impact of its decision in *Griffin v. Illinois,* supra, creating new and expensive problems for state courts, and having spoken authoritatively on the matter, this court is impelled to follow the law of that decision.

The matter of granting leave to Patterson to prosecute writ of error is held in abeyance pending the determination of the issue of indigency by the trial court. Such determination shall be made in pursuance of the law as expressed in this opinion.