No. 18,739.

ORVILLE KIRKENDOLL *v.* PEOPLE OF THE STATE OF COLORADO.
(331 P. [2d] 809)

Decided November 17, 1958.

Mr. ORVILLE KIRKENDOLL, pro se.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. JOHN W. PATTERSON, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

THE record filed in this court shows that plaintiff in error was charged in the first count of an information with having entered into a conspiracy with one Harl to commit the crime of rape. It is further disclosed that a plea of guilty to that charge was entered by plaintiff in error; that judgment entered upon said plea and he was sentenced by the trial court to a term of not less than nine and one-half nor more than ten years in the state penitentiary.

At no time after the judgment was entered did plaintiff in error move to withdraw his plea of guilty or to vacate the judgment. The only action taken by defendant in the trial court following judgment, was the filing of a "Petition for Free Transcript." Also filed with the clerk of the district court was a paper entitled, "Petition for a Writ of Error" and another entitled "Petition for a Writ of Habeas Corpus." These instruments show conclusively that plaintiff in error does not have the slightest conception of the legal significance of the constitutional provisions to which he refers therein. He is equally lacking in ability to correctly interpret and apply

language quoted from various statutes and court opinions.

In disposing of the petitions above mentioned, the trial court said, inter alia:

"That all proceedings, judgment, sentence and committment are valid on their face; that there is nothing before the Court to indicate otherwise than that a transcript of record would be a vain and useless thing, and that therefore this Court is not justified in providing, at taxpayers' expense, for further proceedings herein in forma pauperis; that defendant's Petitions fail to set forth grounds for relief requested therein; that the defendant has not exhausted nor properly pursued the legal remedies available to him by law for the correction of the alleged errors of the trial court."

There can be no question whatever concerning the correctness of the court's ruling. *In Re Patterson,* 136 Colo. 401, 317 P. (2d) 1041.

The "brief" of plaintiff in error filed in this court contains the statement that he, "herewith desires to withdraw his plea of guilty to this Criminal Action * * *." For the first time in the history of the case the request to withdraw the plea of guilty is made in this court. We need comment no further. There is no merit to any claim made by plaintiff in error. Nothing he has done in this court is in harmony with our well-established rules governing criminal proceedings. Matters argued here by him have never been raised and determined by the trial court. "Facts" are asserted which have not the slightest support in the record, and the points of law urged have no application whatever to the facts appearing in the record before us.

We do not have one set of laws and rules governing procedures in the Supreme Court on writ of error in those cases in which lawyers appear, and another for those who elect to represent themselves. Any person has the constitutional right to defend a criminal action "in person and by counsel." If he is so unwise, or so

egocentric, as to elect to act as his own attorney he must accept the burden and the hazards incident to that decision.

It is an axiom as old as jurisprudence, that ignorance of the substantive law is no excuse for a violation thereof, and the offender must accept the penalties incurred as a consequence of his transgression. So too, one who through ignorance violates basic rules governing procedures on writs of error in this court cannot expect to be rewarded as a result of such violations. It is not the function of the Supreme Court to conduct a school of instruction for the benefit of persons named as defendants in criminal cases.

The judgment is affirmed.