No. 20,798.

IN THE MATTER OF THE PETITION OF ALEXANDER GRIFFIN
FOR LEAVE TO APPEAR AS A POOR PERSON AND FOR
EXTENSION OF TIME FOR ISSUANCE OF WRIT OF ERROR.
· (382 P. [2d] 202)

Decided May 20, 1963.

Petitioner, pro se.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

APRIL 9, 1963, the clerk of this court received from

Alexander Griffin, a prisoner in the state penitentiary, a typewritten document entitled, "Notice of Appeal to the Supreme Court of the State of Colorado." Other documents under various captions also were received. The material lodged with the clerk of this court by Griffin in its entirety is wholly unintelligible and meaningless. About the only thing that is understandable is the statement that "Petitioner was convicted of the Crime of Conspiracy to commit Burglary, Larceny and Conspiracy to commit Larceny, * * * " and is at present confined in the penitentiary. We surmise from the other statements contained in the ten pages of typewritten jargon that Griffin seeks to be released and that he is without funds.

We accordingly now order that he be permitted to proceed in this court as a poor person. We further elect to treat the unintelligible typewritten matter as an application for extension of time within which to proceed by writ of error. We direct the attention of Griffin to the very recent decision of the Supreme Court of the United States in *Douglas v. California,* 9 Law. ed 2nd, 811, in which it was held that an indigent defendant is entitled to have counsel appointed to represent him in appellate proceedings following a conviction of crime in a trial court.

April 24, 1963, the attorney general delivered a written opinion to a judge of the district court of the City and County of Denver, to the general effect that it is the duty of the court in which the conviction was had to appoint counsel on behalf of an indigent defendant to prosecute a writ of error, if grounds exist therefor and if application is made in apt time. For the benefit of the bench and bar of this state we quote from the opinion of the attorney general the following:

"QUESTION: What are the duties and responsibilities of the district court upon request by an indigent defendant, for appointment of counsel on appeal?

"CONCLUSION: If request is made prior to issuance of a writ of error, the court must appoint counsel subject to the requirements herein set forth.

"FACTS: Mr. Feldstein, Jr., has requested your advice as to how to proceed to obtain appointment of counsel. Mr. Feldstein, Jr., was convicted of armed robbery on July 9, 1962, and as a result was sentenced to the state penitentiary. The man has sought and obtained a free transcript and record on error. We are informed that this is presently in his possession. Defendant has sought and obtained an extension to and including July 9, 1963, within which to seek issuance of writ of error. His case, therefore, has not been docketed in the Supreme Court.

"ANALYSIS: In light of the fact that writ of error has not issued from the Colorado Supreme Court, jurisdiction rests in the district court to enter any orders preliminary to perfecting the writ. Therefore, his request for counsel would properly be made in the district court.

"The man's request rests on the decision of the U. S. Supreme Court in Douglas v. California, 9 L.ed 2d 811. This case involves a California rule which provides that, upon request of an indigent defendant for appointment of counsel, the appellate court shall make an investigation of the trial court record and, if the court is of the opinion that such appointment would be helpful, it shall appoint counsel. In the Douglas case, the appellate court determined that appointment would be of no value to either the defendant or the court, and denied Douglas' request for counsel. As to this failure to appoint, the U. S. Supreme Court held:

" ' * * * In Griffin v. Illinois, 351 US 12, 100 L.ed 891, 76 S. Ct. 585, 55 ALR 2d 1055, we held that a State may not grant appellate review in such way as to discriminate against some convicted defendants on account of their poverty.' There, as in Draper v. Washington, 9 L.ed 2d 899, the right to a free transcript on appeal was in issue. Here the issue is whether or not an indi-

gent shall be denied the assistance of counsel on appeal. In either case the evil is the same: discrimination against the indigent. For there can be no equal justice where the kind of an appeal a man enjoys 'depends on the amount of money he has.' Griffin v. Illinois, supra (351 US at p. 19).

"In spite of California's forward treatment of indigents, under its present practice the type of an appeal a person is afforded in the District Court of Appeals hinges upon whether or not he can pay for the assistance of counsel. If he can the appellate court passes on the merits of his case only after having the full benefit of written briefs and oral argument by counsel. If he cannot the appellate court is forced to prejudge the merits before it can even determine whether counsel should be provided. At this stage in the proceedings only the barren record speaks for the indigent, and, unless the printed pages show that an injustice has been committed, he is forced to go without a champion on appeal. Any real chance he may have had of showing that his appeal has hidden merit is deprived him when the court decides on an ex parte examination of the record that the assistance of counsel is not required.

" . . . We are dealing only with the *first appeal,* granted as a matter of right to rich and poor alike (Cal. Penal Code §§1235, 1237), from a criminal conviction . . .

" . . . The present case, where counsel was denied petitioners on appeal, shows that the discrimination is not between 'possibly good and obviously bad cases,' but between cases where the rich man can require the court to listen to argument of counsel before deciding on the merits, but a poor man cannot. There is lacking that equality demanded by the Fourteenth Amendment where the rich man, who appeals as of right, enjoys the benefit of counsel's examination into the record, research of the law, and marshalling of arguments on his behalf, while the indigent, already burdened by a preliminary determination that his case is without merit,

is forced to shift for himself. The indigent, where the record is unclear or the errors are hidden, has only the right to a meaningless ritual, while the rich man has a meaningful appeal."

"Although the court had under consideration the aforementioned rule, it is our opinion that the holding is more forcibly applicable to Colorado where appointment of counsel on appeal is denied to the indigent in all cases, except, as a matter of practice, in capital cases.

"We are aware of the apparent limitations of the Colorado Supreme Court's holding in *Medberry v. People*, 107 Colo. 15, 108 P. (2d) 243, and the provisions of 39-7-29, '53 CRS, and Rule 44 of the Colorado Rules of Criminal Procedure (as amended 11-1-61 and 12-20-52). The decision in *Medberry*, however, has been overruled by the court's decision in *In Re Patterson*, 136 Colo. 401, 317 P. 2d 1041, which was decided after *Griffin v. Illinois*, 351 U.S. 12. See also *Patterson v. Medberry*, 290 P. 2d 275. As stated by the Colorado Supreme Court at page 404 (Colo.):

" 'The Supreme Court of the United States was fully cognizant of the impact of its decision in Griffin v. Illinois, supra, creating new and expensive problems for state courts and having spoken authoritatively on the matter, this court is impelled to follow the law of that decision.'

"Even though Rule 44 provides only for appointment . . . at every stage of the trial court proceedings, 39-7-29, '53 CRS, states . . . the court may assign him counsel for his defense, . . . The latter's use of the word defense provides authority to appoint counsel upon appeal in accordance with the better reasoned rule. See *State v. Hudson*, 55 E.I. 141, 179 A. 130, and 100 ALR 313.

"The wording of the rule or statute, however, is not determinative. There is no statute which authorizes a transcript or record on error at county expense. The authority and, perforce, the duty to so provide flows

directly from the constitutional mandate. *In Re Patterson, supra.*

"Writ of error is a matter of right, 39-7-27, '53, CRS ('60 Perm. Supp.). The writ of error to the district court judgment is his one appeal as a matter of right and, as stated by the United States:

" 'But where the merits of the *one and only appeal* (original italicized) an indigent has as of right are decided without benefit of counsel, we think an unconstitutional line has been drawn between rich and poor.'

"In accordance therewith, under the facts of this case, it is our opinion his request must be granted provided he files an affidavit of indigency in accordance with the rules of your court and the court is satisfied he is indigent. 39-7-31, '53 CRS.

"It is noted that the subject defendant filed his request for extension within which to obtain issuance of writ of error on March 29, 1963. This opinion is based on the assumption that the request was filed within six months of the date of his final judgment. If not, counsel need not be appointed since any writ issued would be subject to dismissal (*Johnson v. People,* 144 Colo. 516, 357 P. 2d 69), and appointment would, therefore, be a vain and useless act. *Kirkendall v. People,* 138 Colo. 267, 331 P. 2d 809; *In re Patterson,* supra."

■ In view of the opinion of the Supreme Court of the United States in *Douglas v. California,* under which the right to counsel is provided, we will not consider unintelligible petitions and motions which have no legal significance and which do not meet the requirements of our established procedures in appellate practice.

In the instant case the defendant is granted time until September 16, 1963, to file the record in this court and cause writ of error to issue.

Mr. Justice Hall, Mr. Justice Sutton and Mr. Justice McWilliams dissent.

Mr. Justice McWilliams dissenting:

I would grant that portion of Griffin's motion wherein he seeks leave to proceed in this Court in forma pauperis, but would deny the balance of his motion or petition, which the majority of this Court has characterized as being unintelligible.

Mr. Justice Sutton and Mr. Justice Hall concur in this dissent.