Mr. Justice Pringle
delivered the opinion of the Court.
Plaintiff in error, hereinafter designated as Saiz, was convicted in 1956 of the crime of rape and was sentenced to the State Penitentiary for a term of not less than 12 years nor more than 40 years. On September 15, 1963, Saiz filed a motion under Rule 35 (b), Colo. R. Crim. P., requesting the trial court to vacate the sentence and judgment previously imposed and to resentence him to the time he had already served, thereby making him eligible for immediate release.
Saiz alleged in his petition that with good time, he had completed the minimum term of 12 years under the sentence originally imposed, and that the State Board of Parole had refused to consider his application for parole. He also filed an affidavit of indigency and requested the appointment of counsel to represent him in the Rule 35 (b) proceeding.
Thereafter, the trial court found that it had no jurisdiction in a Rule 35 (b) proceeding to deal with the matters relied upon by Saiz in his petition. It thereupon dismissed his petition without appointing a lawyer to represent him. From this judgment Saiz brings writ of error here. The record does not show any request by Saiz for counsel to represent him in the hearing before this Court.
Rule 35 (b), Colo. R. Crim. P., specifically limits the trial court’s power to grant relief under that rule to situations where (1) the sentence was imposed in vio *45 lation of the constitution or laws of Colorado or of the United States, or (2) the court imposing the sentence was without jurisdiction to do so, or (3) the sentence was in excess of the maximum sentence authorized bylaw, or (4) the statute for the violation of which the sentence was imposed is unconstitutional or was repealed before the prisoner contravened its provisions.
Saiz’s petition sets forth none of these grounds and the trial court was correct in determining that it could not proceed with the matters alleged in the petition in a Rule 35 (b) proceeding. Saiz did not request the relief he sought because of matters occurring either at the trial or thereafter which made the sentence and judgment illegal. He did not attack the trial proceedings or the judgment. He sought to have the trial court determine that he had in fact satisfied a valid judgment of the court and was therefore entitled to release from the penitentiary. Such relief is not within the ambit of Rule 35 (b) which concerns itself with validity of a sentence and judgment, but rather comes within the provisions of C.R.S. ’53, 65-1-3, pertaining to the writ of habeas corpus.
Since the trial court had no power to grant the relief requested by Saiz upon the grounds set forth by him in his petition, it was correct in not appointing counsel for the purpose of having the prisoner’s petition presented to the trial court. There was nothing for counsel to do since the petition itself clearly showed that the court had no jurisdiction to grant the relief requested therein. See In Re Patterson, 136 Colo. 401, 317 P.2d 1041.
The judgment is affirmed.