No. 21724.

JACK GEORGE ADARGO *v.* PEOPLE OF THE STATE OF ·COLORADO.
(411 P.2d 245)

Decided February 21, 1966.

Plaintiff in error, pro se.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JAMES F. PAMP, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

JACK ADARGO, plaintiff in error, was charged by information in the Denver District Court on December 13, 1961, with having perpetrated a robbery and also with

conspiracy to commit the aforementioned robbery. He pleaded not guilty and went to trial on September 11, 1962, with the aid of assigned counsel. The jury found Adargo guilty on both counts, and he was sentenced to 25-35 years in the penitentiary on the first count and 8-10 years on the second count.

Adargo did not request a writ of error to that conviction. Some six days before his time to apply for writ of error expired, Adargo wrote the trial judge requesting appointment of counsel to prosecute a writ of error. In his letter, Adargo advised the trial court that he had been trying to hire a lawyer, and had not been able to obtain sufficient funds for that purpose. He pointed out to the court that the time limit for filing a writ of error would soon expire. The trial court, nevertheless, did not appoint counsel.

Adargo, thereafter, filed a motion under Rule 35(b), Colo. R. Crim. P., alleging (1) that he was not brought to trial within two terms of court, (2) that he was denied a speedy trial as guaranteed to him by the constitution of the State of Colorado, and (3) that his constitutional rights were violated by the trial court's refusal to appoint counsel to prosecute on his behalf a writ of error to the original judgment. The trial court denied Adargo's motion, and he seeks to reverse that ruling here.

We agree with the trial court that Adargo, by his conduct, waived any statutory rights he may have had to discharge because he was not brought to trial within the time limits set forth in C.R.S. '53, 39-7-12. Adargo made no objection to the trial date set by the court, and, in fact, requested a continuance to an even later date, which was denied. We held in *Keller v. People*, 153 Colo. 590, 387 P.2d 421, that under such circumstances there is a waiver of any of the statutory and constitutional provisions upon which Adargo relies. That the rule announced in *Keller v. People, supra,* violates no Federal constitutional guarantees was affirmed

by the United States Court of Appeals for the 10th Circuit in *Keller v. Tinsley,* 335 F.2d 144.

■■ Nor can we say on the state of the record here that Adargo was denied the speedy trial guaranteed by the Colorado constitution. In *Medina v. People,* 154 Colo. 4, 387 P.2d 733, we defined a speedy trial as one "consistent with the court's business." There is nothing in the record or in the brief of Adargo to show a lack of diligence on the part of the prosecution or the court in this case. Moreover, Adargo's failure to object to the trial date, or to seek an earlier trial date, and his request for a continuance, all operated to waive whatever constitutional rights may have existed under the circumstances of this case. *Hicks v. People,* 148 Colo. 26, 364 P.2d 877.

■ We agree with Adargo, however, that the trial court erred in failing to appoint counsel to prosecute his writ of error. There is no longer any doubt that indigent defendants are entitled to have counsel appointed to represent them on review, *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811; *In Re Griffin,* 152 Colo. 347, 382 P.2d 202.

■■ It is, of course, clear that this right to counsel is conditioned upon indigency of the defendant, and it is the right of the trial courts to set reasonable rules as to the manner in which the indigency must be proved. The requirement that an affidavit of indigency accompany the petition is not unreasonable. See *In Re Griffin, supra.*

■ Adargo contends that under the peculiar circumstances of this case, however, it was an abuse of discretion not to grant counsel, even though no affidavit of indigency was filed. With this contention we agree. The trial court had originally found Adargo indigent and appointed counsel to assist him in his defense. Only five and one-half months later, during all of which time Adargo was in jail, he advised the trial court he was unable to obtain sufficient funds to retain a lawyer to

prosecute his writ of error; and, furthermore, that there was urgency in the situation because his time for presenting the writ of error to this Court was rapidly running out. The failure to immediately appoint counsel who could seek an extension of time for filing writ of error—which we customarily grant — prevented Adargo from filing his writ of error in time. For us to hold that under such circumstances the failure to accompany his request for counsel, in which he stated he had no funds, with an affidavit affirming his indigency, justified the resulting denial of Adargo's right to effectively prosecute his writ of error would improperly place form before substance.

Since it is our view that under the peculiar circumstances of this case, Adargo's opportunity to file his writ of error was improperly denied him, we hereby direct that Adargo's time to file for writ of error be extended nunc pro tunc as of April 22, 1963 to August 22, 1966; and, further, that this cause be remanded with directions that upon the prompt filing by Adargo of a proper affidavit of indigency in the trial court, counsel be appointed for the purpose of prosecuting Adargo's writ of error to his convictions in this case.

The judgment is reversed and the case remanded with directions to proceed in accordance with the views expressed herein.