## No. 24249.

### THE PEOPLE OF THE STATE OF COLORADO v. CHARLES BERNARD WILLIAMS.
(473 P.2d 982)

Decided August 31, 1970.

DUKE W. DUNBAR, Attorney General, STANLEY F. JOHNSON, District Attorney, MARVIN B. WOOLF, Assistant, for petitioner.

No appearance for respondent.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

CHARLES BERNARD WILLIAMS, nonappearing respondent, was convicted of careless driving (C.R.S. 1963, 13-5-32) in the County Court of Boulder County. He appealed the judgment to the district court. The district court *reviewed the case on the record* by virtue of the authority of 1965 Perm. Supp., C.R.S. 1963, 37-15-10, reversed the judgment of the county court and acquitted Williams.

Upon petition of the people we granted certiorari, basing our decision upon the district attorney's contention that the district court had determined material questions of fact, based on conflicting evidence, contrary to the findings of the trial judge (county court), and in so doing the reviewing court (district court) had exceeded its jurisdiction.

The question presented is one of concern to the public

and to the courts because it involves the proper administration of justice.

■ We have reviewed the record (transcript of testimony) of the trial court and find that there was competent, though conflicting, evidence bearing on the issue of careless driving from which the trier of fact could properly find the issue against the defendant. Consequently, we disapprove the district court's action.

■ Constitutionally, district courts have only "such appellate jurisdiction as may be prescribed by law." Colo. Const. Art. VI, Sec. 9(1). The general assembly has delegated appellate jurisdiction to the district courts by 1965 Perm. Supp., C.R.S. 1963, 37-15-10(2), which reads:

"(2) The district court shall review the case on the record on appeal and affirm, reverse, remand, or modify the judgment; provided, that the district court, in its discretion, may remand the case for a new trial with such instructions as it may deem necessary, or it may direct that the case be tried de novo before the district court."

■ The scope of appellate jurisdiction is not delineated in the constitution, nor does 37-15-10 define it with absolute clarity.

The court has had no prior occasion to interpret the present statutory provision.

■ In construing statutes, words of common usage are to be given their ordinary and generally accepted meaning, unless the context indicates otherwise. *Lidke v. Industrial Commission,* 159 Colo. 580, 413 P.2d 200; *Blanchard v. Griswold,* 121 Colo. 29, 214 P.2d 362; *County Court v. Schwarz,* 13 Colo. 291, 22 P. 783.

■ In determining the nature and scope of the district court's function on a matter tried in and appealed from a county court, it is necessary to distinguish between "review" and "trial," either new or de novo.

■ Under the statute, the district court, upon appeal of the case to it, has three threshold alternatives: (1) It may review the case on the record; (2) it may remand

the case for a *new trial* with instructions to the court from which appealed, or (3) it may direct that the case be *tried de novo* before it.

It is clear that the district court made a finding of fact as to the careless driving of the defendant contrary to the finding made by the county court. It is also clear from the record that there was conflicting evidence on the issue. Obviously, the court would have the power to make new and independent findings of fact if it were acting as a *trial* court. The statute provides a procedure whereby the district court can act as a *trial* court rather than as a court of *review*, if it adopts the third alternative. Since the court did not "direct that the case be tried de novo," and since it did not "remand the case for new trial" by the county court, it had only that power given it to "review the case on the record."

 A *trial de novo* in a court of general jurisdiction, in the absence of statutory language restricting its scope, means a trial in the commonly accepted sense of that term in such court. *Deshler Broom Factory v. Kinney,* 140 Neb. 889, 2 N.W.2d 332. *De novo* means *fresh, anew. Estes v. Denver & Rio Grande R.R.,* 49 Colo. 378, 113 P. 1005; *Burstein v. Millikin Trust Co.,* 350 Ill. App. 462, 113 N.E.2d 339. Any court conducting such a trial may make its own findings and judgment.

 However, where, as here, the district court is exercising its powers of review rather than conducting a trial de novo, it cannot act as a fact finder. *Kelley v. People,* 166 Colo. 322, 443 P.2d 734. Findings of fact by the trial court, whether by jury or judge, based on conflicting evidence, cannot be disturbed by a reviewing court. This is true whether the reviewing court be a district court, the Court of Appeals or the Supreme Court. *Dodge v. People,* 168 Colo. 531, 452 P.2d 759; *Garcia v. People,* 160 Colo. 220, 416 P.2d 373; *Davis v. People,* 112 Colo. 452, 150 P.2d 67; *Bauer v. People,* 103 Colo. 449, 86 P.2d 1088.

 The function of the reviewing court is to

correct any errors of law committed by the trial court and not to try, nor retry, issues of fact. The lack of sufficient competent evidence to support a finding of a material fact, however, would be a matter of law and fall within the court's powers on *review*.

The legislature having provided for both *review on the record* and for *trial de novo*, it is obvious that it recognized the historical differences between the two both procedurally and in substance, so it is incumbent on the courts to make the same differentiation in carrying out their functions under the statute.

The question as to whether the original conviction can be reinstated on the reversal of the district court's judgment is not before us.

We hold that the reviewing court erred, as a matter of law, in reversing the judgment of the trial court by finding the fact contrary to that of the trial court where there was conflicting evidence on the issue. Consequently, we disapprove the judgment of the reviewing court.

MR. JUSTICE DAY and MR. JUSTICE LEE not participating.