No. 23150.

JACK GEORGE ADARGO *v.* THE PEOPLE OF THE STATE OF
COLORADO.
(478 P.2d 308)

Decided December 21, 1970.

JOHN M. LAW, RALPH M. CLARK, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, for defendant in error.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

JACK GEORGE ADARGO, defendant, was convicted of aggravated robbery and conspiracy to commit aggravated robbery, and was sentenced to the penitentiary. By this writ of error he seeks reversal of the judgment and sentence entered thereon. This is a sequel to *Adargo v. People,* 159 Colo. 321, 411 P.2d 245.

The defendant presents three questions for our determination, all of which relate to a no-warrant search, which may be summarized as follows:

1. Does the defendant have standing to question the search?

2. Was the defendant entitled to a suppression hearing?

3. If questions one and two are answered in the affirmative, is defendant entitled to a new trial?

We answer questions one and two in the affirmative. The answer to question three is contingent on the findings of the trial court at a suppression hearing.

A detailed statement of the facts is not essential to a discussion of the issues before us. Only so much of the factual background as may be required to explain the several rulings will be set out. *See Adargo v. People, supra.* Suffice it to say that if all of the challenged exhibits are admissible, they, together with the testimony, are sufficient to sustain the verdict.

I.

The search and seizure which the defendant chal-

lenges occurred in the home of the defendant's sister. The defendant was there with the permission of his sister. The defendant qualifies under Crim. P. 41(e) as a person aggrieved. The search, if valid, produced evidence which was relevant to the issue of his guilt. Under the circumstances, he has standing to have the question of the validity of the search determined upon its merits. *Jones v. United States,* 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697. *Patterson v. People,* 168 Colo. 417, 451 P.2d 445.

II.

Prior to trial, the defendant moved to suppress certain items (Exhibits A-W) seized in the home of the defendant's sister as the result of a warrantless search. The district attorney objected to a hearing on the ground that the motion was not timely made, citing Crim. P. 12(b), because not made "before the plea" was entered and the court, for that reason, denied the hearing.

Crim. P. 12(b) provides,

"(2) *Defenses and objections which must be raised.* Defenses and objections based on defects in the institution of the prosecution or in the indictment or information or complaint, or summons and complaint, other than that it fails to show jurisdiction in the court or to charge an offense, may be raised only by motion. The motion shall include all such defenses and objections then available to the defendant. * * *"

■ A motion for the return of property and to suppress evidence is not a *defense* or *objection* based on defects in the institution of the prosecution or in the indictment, information or complaint.

Not only is a motion to suppress excluded by definition from Crim. P. 12(b), but Crim. P. 41(e) specifically provides for such a motion. In relevant part it provides, "*Motion for Return of Property and to Suppress Evidence.* A person aggrieved by an unlawful search and seizure may move the district court * * * for the return of the property and to suppress for use as evidence any-

thing so obtained on the ground that: (1) The property was illegally seized without warrant; * * *."

41 (e) also provides for the procedure to be followed when such a motion is filed:

"The judge shall receive evidence on any issue of fact necessary to the decision of the motion. * * * The motion shall be made and heard before trial unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court, in its discretion, may entertain the motion at the trial."

▐ It is clear from the language of the rule that the defendant was entitled to the pretrial hearing which he requested. The court having failed to grant the pretrial hearing again erred in not holding a hearing at the time the exhibits were offered in evidence by the prosecution. The defendant made a proper request, and the court erred in not holding the hearing.

### III.

The defendant contends that the failure of the court to grant the hearing on his motion to suppress compels a reversal of the judgment and the granting of a new trial. Whether this conclusion is correct depends upon the findings of the trial court after it has conducted an evidentiary hearing.

There were actually three situations under which evidence was "seized" by the police. It is conceivable that, after a hearing, the court may not find *all* three "seizures" to be either lawful or unlawful.

If the court should find that all seizures were lawful, the judgment should be affirmed. If, on the other hand, the court finds that any one of the seizures was unlawful, the case should be remanded for a new trial.

### IV.

The defendant alleges errors in reference to the giving and refusal to give instructions. Even if, under the facts of this case, it was error, the defendant failed to point out in what manner, if any, he may have been prejudiced.

From our examination of the instructions, we found no prejudicial error. In the event that a new trial is ordered, we assume that the trial court will properly instruct the jury on the basis of the evidence then introduced.

The cause is remanded for further proceedings consonant with the views herein expressed.