## No. 23881.

THE PEOPLE OF THE STATE OF COLORADO, EX REL.; UNION TRUST COMPANY, A COLORADO CORPORATION, ON BEHALF OF ITSELF AND ALL OTHERS SIMILARLY SITUATED *v*. THE SUPERIOR COURT IN AND FOR THE CITY AND COUNTY OF DENVER, THE HONORABLE CHARLES E. BENNETT, SUPERIOR COURT JUDGE.

(488 P.2d 66)

Decided August 16, 1971.     Rehearing denied September 13, 1971.

A. E. Radinsky, for plaintiffs in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, for defendants in error.

*En Banc.*

Mr. Justice Hodges delivered the opinion of the Court.

The plaintiffs in error were the plaintiffs in the district court where they commenced a *quo warranto* action challenging the existence of the superior court, and

secondarily, its appellate jurisdiction as provided by statute.

After a hearing on these issues, the district court held that the superior court, a lawfully established statutory court, was not abolished by the 1965 judicial amendment to the Colorado Constitution (Article VI) and that it lawfully exercises appellate jurisdiction of final judgments of the Denver county court. Accordingly, the district court entered its judgment dismissing the complaint.

The plaintiffs on this writ of error urge reversal of the district court's judgment and a declaration by this court that the superior court was abolished by the 1965 Amendment to the Colorado Constitution; or secondarily, if not abolished, it has no appellate jurisdiction because Article VI, § 17 of the Colorado Constitution mandates that appellate review of every final judgment shall be exercised only by the supreme court or the district court.

We note initially that this matter in the district court does not fit neatly into the category of a *quo warranto* proceeding, since it is essentially the existence of the office, rather than the authority of the officeholder to hold the office, which is challenged. C.R.C.P. 106(a)(3). However, due to the importance of the questions raised, we have determined, nevertheless, to review the merits of the two issues presented, namely: (1) whether the superior court does have legal existence at the present time and (2) whether the superior court lawfully has appellate jurisdiction as provided for by statute?

I.

The superior court was originally established in 1954. 1954 Colo. Sess. L., ch. 39, § 1 [C.R.S. 1963, 37-10-1]. The legislature acted as expressly provided for in previous Colo. Const. art. VI, § 1:

"[T]he judicial power of the state ... shall be vested in the supreme court, district court, county courts, and such other courts *as may be provided by law."* (Emphasis added.)

In 1962, an amendment to the Colorado Constitution was approved by the electorate which provided for the repeal of existing Colo. Const. art. VI and the enactment of a new article VI. The effective date of the repeal and the enactment for the sections at issue in this case was January 12, 1965. *See* 1961 Colo. Sess. L. at 885.

Since January 12, 1965, Colo. Const. art. VI, § 1 provides in part:

"[T]he judicial power of the state shall be vested in a supreme court, district courts, a probate court in the city and county of Denver, a juvenile court in the city and county of Denver, county courts, *and such other courts* or judicial officers with jurisdiction inferior to the supreme court, *as the general assembly may, from time to time establish;...*" (Emphasis added.)

Plaintiffs in error contend that the repeal of former art. VI by present art. VI, also effected the repeal of C.R.S. 1963, 37-10-1, which statute established the superior court, and that since such "repeal," the legislature has not re-established the superior court.

▌ Without discussing the various arguments relating to provisions in the statutes and in our rules of procedure, promulgated since 1965 regarding the superior court, we note that the statute establishing the superior court has never been repealed. We reach this conclusion for two reasons. First, the legislature has never expressly repealed C.R.S. 1963, 37-10-1, and the legislative act creating the superior court is not in conflict with any provisions of the Colorado Constitution.

▌▌ It is well established that our state constitution is an instrument of limitation of authority and is not an instrument which grants authority, as is the case with the United States Constitution. *See Colorado State Civil Service Employees Association v. Love,* 167 Colo. 436, 448 P.2d 624; *District Landowners Trust v. Adams County,* 104 Colo. 146, 89 P.2d 251; *see generally* 16 Am. Jur.2d *Constitutional Law* § 17. The statute establishing the superior court was enacted within the plenary power

of the legislature and remains in effect until repealed by the legislature, or by the referendum power, or until there is a judicial declaration of unconstitutionality. Plaintiffs in error concede that the legislature could have "re-established" the superior court under the provisions of present Colo. Const. art. VI, § 1, indicating that they are not arguing that the establishment act is in conflict with either former or present art. VI, § 1. Likewise, we perceive no conflict and conclude that C.R.S. 1963, 37-10-1 is still valid.

■ Our second reason for this conclusion is based upon the general rule that unless an existing statute is inconsistent with an amendment to a state constitution, then the statute continues in force subsequent to the adoption and effective date of the amendment. *See generally,* 16 Am.Jur.2d *Constitutional Law* § 49. This general rule underlies the holding in *Courtright Publishing Co. v. Bray,* 67 Colo. 588, 189 P. 30.

The cases cited by plaintiffs in error to support their contentions, *e.g., State ex rel. Barrett, Atty. Gen. v. May,* 290 Mo. 302, 235 S.W. 124, are easily distinguishable because the state constitutions involved vested the judicial power in certain specific courts. The legislature was precluded therefor from creating further courts. Colo. Const. art. VI, § 1, both before and since 1965, has not limited the legislature from creating other courts than are specified in art. VI, § 1.

■ We conclude then that the superior court of Denver is properly established by force of statute not inconsistent with our constitution.

## II.

■ Plaintiffs in error's second contention is that the superior court is unlawfully exercising appellate jurisdiction by reviewing county court judgments. We reject this argument. The appellate jurisdiction of the superior court is provided for in 1965 Perm. Supp., C.R.S. 1963, 37-15-10. That statute provides that further appeal

of a matter reviewed by the superior court may be had by application to the supreme court for a writ of certiorari. In *Bill Dreiling Motor Co. v. Court of Appeals,* 171 Colo. 448, 468 P.2d 37, this court held that the form of certiorari review which it maintains over the court of appeals, pursuant to 1969 Perm. Supp., C.R.S. 1963, 37-21-8, is "appellate review" as contemplated by Colo. Const. art. VI § 2. Our certiorari procedure for review of superior court judgments is identical in nature to the procedure for review of court of appeals' decisions. *See* C.A.R. 49. *Cf. People ex rel. City of Aurora v. Smith,* 162 Colo. 72, 424 P.2d 772.

The appellate review of county court judgments by the superior court is subject to ultimate review by the supreme court, since any party has the right to petition for a writ of certiorari. *See Bill Dreiling Motor Co. v. Court of Appeals, supra.* The legislative plan authorizing the superior court to review county court judgments is not in conflict with Colo. Const. art. VI, § 2, which provides that the supreme court shall have ultimate appellate review jurisdiction, or art. VI, § 17, which specifies that appellate review of county court judgments shall be by the supreme court *or* the district courts. We conclude that the superior court lawfully exercises appellate review of county court judgments pursuant to statute.

Judgment affirmed.