## C-147

### The People of the City of Colorado Springs v. Martin Keith Anderson
(492 P.2d 844)

Decided January 17, 1972.

Gordon D. Hinds, City Attorney, Milton K. Blakey, for petitioner.

No appearance for respondent.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

Respondent was charged with drag racing under an ordinance of Colorado Springs proscribing that activity. Trial was without a jury in the Municipal Court of that city, a court of record, wherein respondent was convicted of the offense. Respondent appealed to the district court which, after reviewing the record, reversed the conviction holding that an element of the offense — an intent to race — had not been proven beyond a reasonable doubt. We granted certiorari.

The function of a district court in acting as an appellate court is the same whether the case originates in a municipal court of record or a county court. 1969 Perm.

Supp., C.R.S. 1963, 37-22-14(2), 1965 Perm. Supp., C.R.S. 1963, 37-15-10; and 1965 Perm. Supp., C.R.S. 1963, 37-17-15. These sections require a district court either to review a decision of a municipal court of record on the record, to remand the case for a new trial with instructions, or to direct that trial *de novo* be had before the district court. In the instant case, the district court adopted the first alternative, and therefore, the question is whether the court properly exercised the appellate jurisdiction granted to it under the sections noted above.

A verdict will be upheld on review if it is supported by substantial, competent evidence in the record or reasonable inferences therefrom. *See People v. Williams,* 172 Colo. 434, 473 P.2d 982 (1970); *People v. Brown,* 174 Colo. 513, 485 P.2d 500 (1971). The record herein contains such evidence, and thus the verdict of the trial court should have been affirmed. Our review of the district court's decision indicates that it improperly invaded the province of the trial court as trier of the fact by weighing the evidence and determining the credibility of the witnesses. Thus, the district court decided the matter in a way not in accord with applicable decisions of this court.

Judgment reversed and cause remanded with directions to reinstate the municipal court judgment and sentence and remand to the municipal court for execution thereof.

MR. CHIEF JUSTICE PRINGLE not participating.