## No. C-563

### The People of the State of Colorado v. Donald Eugene Gallegos
(533 P.2d 1140)

Decided April 14, 1975.

246

James M. DeRose, Special Prosecutor, Colorado District Attorneys Association, J. O. Lewis, District Attorney, for petitioner-appellant.

John Ira Green, for respondent-appellee.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

We granted certiorari to review a judgment of the District Court of Alamosa County rendered under its statutory appellate jurisdiction. Section 13-6-310, C.R.S. 1973, C.A.R. Rule 49(a). The county court found the defendant-appellant, Donald Eugene Gallegos, guilty of exceeding the speed limit. On appeal without trial *de novo,* the district court reversed the county court judgment and remanded the cause to the county court for a new trial. The district court exceeded its jurisdiction.

On December 15, 1972, the defendant, Donald Eugene Gallegos, was driving his automobile at a speed of 81.4 miles per hour in a 70-mile per hour zone. The speed of the automobile was determined by a Vascar unit (radar) over a 2/10ths of a mile course. The uncontradicted evidence showed that the road was flat, except for a small rise; that the surface of the road was oiled and dry; visibility was good; that in the two and one-half miles that it took the patrolman to overtake and stop the defendant, three other vehicles, traveling in the same direction at approximately 70 miles per hour, were passed by the defendant; that the highway was intersected by numerous county roads and private driveways serving a residential area of moderate density; that the patrolman traveled between 90 and 100 miles per hour in order to overtake the defendant.

The defendant's evidence did not contradict that of the People in any material aspect. It related primarily to the good mechanical condition of his car; the fact that the road surface was dry and generally flat; that the traffic density was "pretty mild" and that he had control of his car. His testimony as to speed was that at the time he saw the patrol car's flashing lights, which was just prior to stopping, he was going 70 miles per hour.

The trial court, considering the foregoing evidence, found, ". . . beyond a reasonable doubt that 80 miles an hour, in this particular 70 miles an hour zone, . . . was unreasonable and

imprudent for the conditions then existing. I am talking about good conditions.''

On appellant review the district court found,

"that the evidence for the People does not support, beyond a reasonable doubt, that the defendant exceeded a reasonable and prudent speed under all attendant conditions . . . .''

As noted, the district court reversed and remanded the case to the county court for new trial. On September 16, 1974, we granted the People's petition for writ of certiorari. We now reverse the judgment of the district court.

The district court, acting as an appellate court, is governed by section 13-6-310, C.R.S. 1973, which in material part provides:

"(1) Appeals from final judgments and decrees of the county courts shall be taken to the district court . . . . Appeals shall be based upon the record made in the county court.

"(2) The district court shall review the case on the record on appeal and affirm, reverse, remand, or modify the judgment; except that the district court, in its discretion, may remand the case for a new trial with such instructions as it may deem necessary, or it may direct that the case be tried de novo before the district court." *See People v. Williams,* 172 Colo. 434, 473 P.2d 982 (1970).

We note that the district court in the instant case elected not to conduct a trial *de novo,* therefore, it was bound by the limitations applicable to a review on the record.

In *Williams, supra,* we held,

"where, . . . the district court is exercising its powers of review rather than conducting a trial de novo, it cannot act as a fact finder. *Kelley v. People,* 166 Colo. 322, 443 P.2d 734. Findings of fact by a trial court, whether by jury or judge, based on conflicting evidence, cannot be disturbed by a reviewing court. This is true whether the reviewing court be a district court, the court of appeals, or the supreme court. (Cited cases omitted.)

"The function of the reviewing court is to correct any errors of law committed by the trial court and not to try, nor retry, issues of fact. The lack of sufficient competent evidence to support a finding of a material fact, however, would be a matter of law and fall within the court's powers on *review.*''

It is not clear from the district court's ruling whether it in-

tended to make a finding of fact contrary to that of the county court or whether the court intended to hold, as a matter of law, that the evidence of the People, considered in the light most favorable to the prosecution, failed to prove the violation charged beyond a reasonable doubt.

■ The district court could have held, under its appellate power of review, that the evidence was insufficient, as a matter of law, to support the finding of guilt by the county court. *People v. Williams, supra.* If such was its intent, it would logically follow that it reverse the county court's judgment and dismiss the action.

■ Inasmuch as the district court did not reverse and dismiss the case, the other alternative available to it was to reverse, because of trial court error, and remand *with instructions,* for retrial. The district court did not hold that there was any error of law on the part of the county court; consequently, it did not accompany its remand "with instructions." Since it did not follow this alternative nor did it reverse and dismiss, it must have made a finding of fact contrary to that of the county court.

■ The district court, acting as an appellate court, is bound by the jury's findings where there is sufficient competent evidence in the record to support the findings. *Vigil v. Pine, Jr.,* 176 Colo. 384, 490 P.2d 934 (1971). It is likewise bound by the findings of a judge where he is the trier of the fact. Also, this court, in reviewing the record on certiorari, may pass upon the sufficiency of the evidence to support the trial court's findings of fact.

■ From our review of the record it appears that the evidence, considered in the light most favorable to the People, was sufficient to sustain the county court's finding of guilt. Since the district court did not follow the alternatives available to it as an appellate court, we must conclude that its ruling was, in effect, a finding of fact contrary to that of the county court. This it cannot do. *People v. Williams, supra.*

The judgment of the district court is reversed and set aside and the cause is remanded with directions to affirm the judgment of the county court.