The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Randall N. SMITH, Defendant–Appellant.

No. 93CA1732.

Colorado Court of Appeals, Div. C.

Dec. 2, 1993.

Rehearing Denied Dec. 30, 1993.

Certiorari Denied May 23, 1994.

Milton K. Blakey, Garfield County Dist. Atty., Glenwood Springs, Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Denver, for plaintiff-appellee.

Kevin R. O'Reilly, Glenwood Springs, for defendant-appellant.

Opinion by Judge CRISWELL.

Defendant has appealed to this court from a district court judgment that reviewed and modified, in part, judgments of conviction entered by a county court. After reviewing the response to our show cause order, we dismiss the appeal.

Section 13–4–102(1), C.R.S. (1987 Repl.Vol. 6A) provides that, with certain exceptions, this court has jurisdiction over appeals "from final judgments of the district court." One exception is in "[c]ases appealed from the county court to the district court, as provided in 13–6–310 [C.R.S. (1987 Repl.Vol. 6A) ]." Section 13–4–102(1)(f), C.R.S. (1987 Repl.Vol. 6A).

Section 13–6–310(2), C.R.S. (1987 Repl.Vol. 6A) allows a district court to "affirm, reverse, remand or modify" the county court's judg-

ment, but § 13–6–310(4), C.R.S. (1987 Repl. Vol. 6A) expressly provides that any further appeal from a determination of the district court shall be to the supreme court by means of a writ of certiorari issued in accordance with rules promulgated by that court.

Defendant argues, however, that, because Crim.P. 37(h) provides that in those cases in which the district court "modifies the county court judgment ... the judgment on appeal shall be that of the district court and so enforceable," this court has jurisdiction to entertain an appeal from such judgment. We disagree.

It would appear Crim.P. 37(h) addresses only the question of the enforcement of the modified county court judgment, and for this purpose only, it is to be considered to be a judgment of the district court. We need not address that question, however.

Section 13–4–102(1) is specific in granting jurisdiction to this court over appeals from final judgments of the district courts. However, that statute, which is the enactment which governs this court's jurisdiction, is just as specific in creating five exceptions from that grant of jurisdiction. *See* § 13–4–102(1)(b) through § 13–4–102(1)(f), C.R.S. (1987 Repl.Vol. 6A and 1993 Cum.Supp.).

In the case of each of these five exceptions, a final judgment has been entered by the district court. However, because of the subject matter of the case, the General Assembly has determined that any appeal should go to our supreme court rather than being entertained by this court.

Here, we will assume, arguendo, that the determination of the district court constituted a judgment of that court under Crim.P. 37(h). Even so, however, because § 13–4–102(1)(f) prevents us from exercising jurisdiction in "[c]ases appealed from the county court to the district court," we lack jurisdiction over the cause.

Appeal dismissed.

HUME and ROTHENBERG, JJ., concur.