The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Robert M. BOVARD, Defendant–Appellant.

No. 02CA0974.

Colorado Court of Appeals, Div. III.

Nov. 20, 2003.

Certiorari Granted March 22, 2004.

Thomas R. Raynes, District Attorney, Geoffrey R. Nims, Deputy District Attorney, Gunnison, Colorado, for Plaintiff–Appellee.

Springer and Steinberg, P.C., Harvey A. Steinberg, Stacey L. Ross, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge CARPARELLI.

Defendant, Robert M. Bovard, appeals the judgment of conviction entered on a jury verdict finding him guilty of driving under the influence of alcohol. We dismiss defen-

dant's appeal for lack of subject matter jurisdiction.

Defendant was charged in county court with three traffic violations, including one count of driving under the influence of alcohol. The county court denied defendant's motion to suppress the results of his roadside sobriety tests, the breath test, and the officer's observations of defendant's physical characteristics. However, it suppressed statements defendant made at the scene.

The case was tried to a county court jury, and defendant was convicted of driving under the influence. The court and parties later determined that the tape-recorded record of the suppression hearing had been lost.

Defendant then appealed his conviction to the district court and challenged both the county court's denial of the motion to suppress and its refusal to conduct a new hearing on that motion to establish a record for appeal.

About three months after defendant filed his notice of appeal with the district court, he filed an unopposed motion for trial de novo, pursuant to Crim. P. 37(g), on the ground that the district court did not have an adequate record to review the issues on appeal. The district court granted defendant's motion.

After a trial, the district court jury found defendant guilty of driving under the influence of alcohol.

## I.

Defendant argues that this court has jurisdiction to consider his appeal of the district court judgment because doing so will preserve his due process right of automatic review under § 16–12–101, C.R.S.2003. We disagree.

■ The United States and Colorado Constitutions both prohibit the state from depriving any person of life, liberty, or property without due process of law. Consequently, the supreme court has held that appeals in criminal cases are a matter of right. *See In re Griffin,* 152 Colo. 347, 382 P.2d 202 (1963); *In re Patterson,* 136 Colo. 401, 317 P.2d 1041 (1957).

Section 16–12–101 provides: "Every person convicted of an offense under the statutes of this state has the right of appeal to review the proceedings resulting in conviction. The procedures to be followed in any such appeal shall be as provided by applicable rule of the supreme court of Colorado."

The applicable rule of the supreme court, Crim. P. 37(a), grants every defendant convicted in a county court the right to appeal the conviction to the district court of the county. Similarly, in § 13–6–310(1), C.R.S. 2003, the General Assembly has provided that appeals from final judgments of the county courts must be taken to the district court of the county.

With regard to the nature of the appeal, the supreme court has provided that, "[i]f for any reason an adequate record cannot be certified to the district court the case shall be tried de novo in that court." Crim. P. 37(g). Similarly, although § 13–6–310(2), C.R.S. 2003, grants the district court authority to review the county court judgment on the record, it also grants the district court discretion to try the case de novo.

Section 13–6–310(4), C.R.S.2003, states that, in county court cases that have been appealed to the district court, a defendant may further appeal a "determination of the district court ... only upon a writ of certiorari issued in the discretion of the supreme court." Crim. P. 37(h), which addresses enforcement of judgments in such cases, is consistent with the statute. *Although the rule provides that, when the district court disposes of an appeal from the county court after trying the case de novo, the judgment on appeal is enforceable as that of the district court, it also recognizes that the judgment cannot be immediately enforced when there is "further review by the Supreme Court upon writ of certiorari."*

■ Certiorari review by the supreme court constitutes an "appellate review." *City of Wheat Ridge v. Cerveny,* 913 P.2d 1110 (Colo.1996); *People ex rel. Union Trust Co. v. Superior Court,* 175 Colo. 391, 488 P.2d 66 (1971); *Bill Dreiling Motor Co. v. Court of Appeals,* 171 Colo. 448, 468 P.2d 37 (1970).

■ Here, defendant does not contend that he was denied due process in the county court trial. After he was convicted there, he exercised his right under Crim. P. 37(a) and § 13-6-310(1) to appeal his conviction to the district court. In the district court, he challenged the county court denial of his motion to suppress and his motion for a new suppression hearing to reconstruct the record on that issue. Thus, defendant, in fact, "appealed from the county court to the district court, as provided in section 13-6-310." Section 13-4-102(1)(f), C.R.S.2003 (excluding appeals of district court final judgments in such cases from jurisdiction of Court of Appeals).

At that time, he had the right to seek district court review of those rulings and to request that the district court remand the case to the county court for either reconstruction of the record or a new trial. Instead, defendant asked the district court to try the case de novo. Thus, defendant elected trial de novo as his appellate procedure.

In addition, after entry of the district court judgment, defendant had the right to seek additional appellate review by the supreme court as provided in Crim. P. 37(h) and § 13-6-310(4).

For these reasons, we conclude that defendant has not been deprived of due process or of his right of appeal.

## II.

■ Defendant also argues that this court has jurisdiction over appeals from final judgments of the district courts pursuant to § 13-4-102(1), C.R.S.2003, and that the exception stated in § 13-4-102(1)(f) does not apply here because he is appealing a final district court judgment and not a county court decision. Again, we disagree.

■ "This court has no authority to enlarge upon the jurisdiction that has been granted to it by statute." *People in Interest of D.B.*, 855 P.2d 27, 28 (Colo.App.1993); *see also Bill Dreiling Motor Co. v. Court of Appeals, supra; Joel L. Schaffer, P.C. v. Christopher M. Sullivan, P.C.*, 844 P.2d 1327 (Colo.App.1992); *People v. Meyers*, 43 Colo. App. 63, 598 P.2d 526 (1979).

The grant of jurisdiction to this court in § 13-4-102 is consistent with the rules and statutes already discussed. Although § 13-4-102 grants this court initial jurisdiction over appeals from most final judgments of the district courts, it excludes "[c]ases appealed from the county court to the district court, as provided in section 13-6-310." Section 13-4-102(1)(f); *see also People v. Meyers, supra.*

In *People v. Smith*, 874 P.2d 452, 453 (Colo.App.1993), a division of this court noted:

> In the case of each of [the five exceptions listed in § 13-4-102(1)(b) through (f),] a final judgment has been entered by the district court. However, because of the subject matter of the case, the General Assembly has determined that any appeal should go to our supreme court rather than being entertained by this court.

Although this court has initial jurisdiction over most appeals from final judgments of the district courts, it does not have such jurisdiction here because this case was appealed from the county court to the district court under § 13-6-310. *See* § 13-4-102(1)(f).

Thus, we conclude that this court does not have jurisdiction over appeals in cases in which the defendant appeals from the county court to the district court and the district court enters final judgment after a trial de novo. *See People v. Smith, supra; People v. Meyers, supra.*

The appeal is dismissed.

Judge NIETO concurs.

Judge TAUBMAN dissents.

Judge TAUBMAN dissenting.

Because I conclude that we have jurisdiction to hear this appeal, I respectfully dissent.

To determine whether we have jurisdiction here, we must interpret two principal statutes: § 13-4-102(1), C.R.S.2003, which concerns the jurisdiction of the court of appeals, and § 13-6-310(2), C.R.S.2003, which concerns appeals from county court.

Section 13–4–102(1) provides that, with certain exceptions, the court of appeals has jurisdiction over appeals "from final judgments of the district courts." One such exception is "[c]ases appealed from the county court to the district court, as provided in section 13–6–310." Section 13–4–102(1)(f), C.R.S.2003. Section 13–6–310 generally provides that appeals from final judgments of county courts shall be taken to the district court and that such appeals shall be based upon the record made in the county court. Section 13–6–310(2) then provides:

> The district court shall review the case on the record on appeal and affirm, reverse, remand, or modify the judgment; except that the district court, in its discretion, may remand the case for a new trial with such instructions as it may deem necessary, or it may direct that the case be tried de novo before the district court.

Relying on the language in § 13–4–102(1) that the court of appeals does not have jurisdiction in cases appealed from the county court to the district court, the majority concludes that we therefore do not have jurisdiction here. In my view, however, the majority overlooks the phrase in that statute, "as provided in § 13–6–310." That phrase limits the exception so that not every case appealed from county court to district court is precluded from appellate review by the court of appeals.

Section 13–6–310 provides three alternatives to a district court when a case is appealed from a county court, only one of which is truly an appeal, that is, when the district court reviews the county court's proceedings on the record and determines to affirm, reverse, remand, or modify the judgment. Section 13–16–310 also provides that the district court, in its discretion, may remand the case for a new trial or conduct a new trial itself in the district court.

Commenting on the statutory predecessor to § 13–6–310, the supreme court stated, "The statute provides a procedure whereby the district court can act as a *trial* court rather than as a court of *review*, if it adopts the third alternative." *People v. Williams*, 172 Colo. 434, 438, 473 P.2d 982, 984 (1970). The supreme court also stated that a trial de novo in a court of general jurisdiction, in the absence of statutory language restricting its scope, means a trial in the commonly accepted sense of that term. Thus, it seems clear that a trial de novo under § 13–6–310 is not an appeal. *See Black's Law Dictionary* 94 (7th ed.1999)(appeal is defined as "a proceeding undertaken to have a decision reconsidered by bringing it to a higher authority; esp[ecially], the submission of a lower court's or agency's decision to a higher court for review and possible reversal"). *See generally Water, Waste & Land, Inc. v. Lanham*, 955 P.2d 997 (Colo.1998)(when the district court exercises its authority to decide the case based on the record developed below, as opposed to a trial de novo, it acts as a reviewing court and must accept the facts as found by the county court, and its review is limited to the sufficiency of the evidence); *People v. Anderson*, 177 Colo. 84, 492 P.2d 844 (1972).

Thus, in my view, when § 13–4–102(1) excludes from the jurisdiction of the court of appeals cases appealed from the county court to the district court as provided in § 13–6–310, the exclusion applies only to those cases in which the district court acts as a court of review or an appellate court. To interpret the statute otherwise would torture the meaning of "appeal" to include a trial de novo.

My conclusion is further supported by reference to Crim. P. 37(h) and § 16–12–101, C.R.S.2003.

Crim. P. 37(h) provides in pertinent part:

> Unless there is further review by the Supreme Court upon writ of certiorari pursuant to the rules of such court, after final disposition of the appeal the judgment on appeal entered by the district court shall be certified to the county court for action as directed by the district court, except in cases tried de novo by the district court ... and in such cases, the judgment on appeal shall be that of the district court and so enforceable.

In my view, this means that when a case is appealed from county court to district court, and there is a trial de novo in the district court, "the judgment on appeal shall be that

of the district court and so enforceable." It follows that if, after a trial de novo, the judgment is that of the district court, that judgment should be appealable under the same procedure for appeals from other district court judgments.

Further, § 16–12–101 provides that every person convicted of a crime under Colorado law has the right of appeal to *"review* the proceedings resulting in conviction" (emphasis added). When a district court conducts a trial de novo, however, it does not "review the proceedings resulting in conviction." *See People v. Hampton,* 876 P.2d 1236, 1241 (Colo.1994)("a convicted defendant has the right to appeal his conviction" under § 16–12–101); *People v. Davis,* 759 P.2d 742, 746 (Colo.App.1988)("[a]s a matter of right, every person convicted of a crime is entitled to one appeal"). Here, under the majority's decision, defendant's conviction will not be reviewed on the merits by the court of appeals, as contemplated by § 16–12–101, and his chances for review on the merits are limited if he files a petition for certiorari with the supreme court.

Accordingly, I would conclude that this court has subject matter jurisdiction pursuant to § 13–4–102(1) to consider defendant's appeal because it is from a final judgment of the district court entered after a trial de novo in that court. Further, I would address defendant's appeal on the merits.