The **PEOPLE** of the State of Colorado, Petitioner-Appellant, In the Interest of K.C., A Child,

And Concerning S.L. and K.C., Respondents-Appellees.

No. 83CA0744.

Colorado Court of Appeals, Div. I.

July 19, 1984.

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* Art. VI, Sec. 5(3), and § 24-51-607(5), C.R.S. (1982 Repl.Vol.10).

Robert B. Smith, Sterling, for petitioner-appellant.

Max A. Wilson, Sterling, for respondents-appellees.

ENOCH, Chief Judge.

In this termination of parental rights proceeding, the People appeal the court's amended order denying termination. We affirm.

The child, K.C., was adjudicated dependent and neglected in August 1980. An appropriate treatment plan was approved and adopted by the court in August 1981. The mother, S.L., was advised of and was familiar with its contents.

The motion to terminate parental rights as to the mother and natural father, K.C., was filed on December 29, 1981. A motion to amend was filed in July 1982, and subsequently approved August 18, 1982. The court heard testimony on the motion on February 22, 1983, and on March 8, 1983. At the conclusion of the testimony, the court entered an order terminating the father's parental rights on the basis of abandonment, and the mother's parental rights on the basis of § 19–11–105(1)(b), C.R.S. (1978 Repl.Vol. 8).

The mother's attorney then filed a motion for new trial or in the alternative to modify or amend the judgment, and the court heard oral arguments on the motion. Thereafter, the court entered an amended order which included two additional findings:

"h. At the time the motion for termination was filed, the Adams County Department of Social Services, without court approval or knowledge, terminated all parental visits and so informed [mother] on at least one occasion. i. Affidavit relative to the efforts to locate the natural father ... as is required by § 19–11–104, C.R.S., was not filed herein ten days prior to the termination hearing."

Based on these additional findings, the court modified its previous order, denied petitioner's motion to terminate the parental rights of both the mother and the father, and ordered petitioner to reformulate an appropriate treatment plan.

## I. The Father's Parental Rights

■ The petitioner contends that there is insufficient evidence to support the court's finding that no affidavit was filed, and therefore, the court erred in denying the motion to terminate the father's parental rights. We agree with the trial court's decision, albeit for a different reason.

Petitioner correctly asserts that an affidavit was filed at least 10 days prior to the hearing. However, § 19–11–104, C.R.S. (1978 Repl.Vol. 8) requires that before the termination of parental rights based on abandonment can occur, an affidavit must be filed which states what efforts have been made to locate the parent involved. The affidavit filed here does not comply with this statute, and therefore, the court did not err in denying the motion to terminate the parental rights of the father.

## II. The Mother's Parental Rights

■ Petitioner contends that the court erred by finding that the department of social services, without court approval or knowledge, terminated all visitation rights with the child after the motion for termination was filed on December 29, 1981, and also erred by finding that this termination of visitation rights could have impacted upon the entire plan's chances of success, or the mother's reasonable compliance therewith. We disagree with this contention. Where, as here, such findings are supported by the record and are not clearly erroneous, they will not be disturbed on review. *People in Interest of C.A.K.*, 652 P.2d 603 (Colo.1982).

It is further asserted that the court erred, as a matter of law, in denying the termination of the mother's parental rights because, petitioner argues, the court failed to give primary consideration to the physical, mental, and emotional needs of the child pursuant to § 19–11–105(3), C.R.S. (1978 Repl.Vol. 8). We find no merit in this contention.

■ Section 19–11–105(3) does not apply directly to the court's decision as to termination, but rather applies to the court's determination whether the parents are unfit, and whether the parents' conduct or condition will improve within a reasonable time. As our Supreme Court stated in *People in Interest of C.A.K., supra.*

"The interest to be protected in a termination of parental rights case includes the interest of the parent and the child in a continuing family relationship; the interest of the parent in preserving the privacy and integrity of the family unit; the interest of the child in a permanent, secure, stable and loving environment, and the interest of the state in protecting the child."

Thus, the court did not err, as a matter of law, in refusing to terminate the mother's parental rights.

We also disagree with petitioner's final contention that, after making the necessary findings under § 19–11–105(1)(b), C.R.S. (1978 Repl.Vol. 8), the court erred in denying termination on the basis of the denied visitation.

■ Section 19–11–105(1), C.R.S. (1978), states that the court "may" order termination upon making certain findings. Under such permissive language, the court is granted discretion in making its decision to terminate parental rights. Accordingly even though the evidence and findings of fact otherwise support termination, we hold that where visitation was denied without any court approval or knowledge, where

this denial precluded contact between the mother and child for at least fourteen months and could have interfered with the mother's compliance with the treatment plan, where the child continued to remain in foster care, and where the department of social services was ordered to reformulate an appropriate treatment plan, the court did not abuse its discretion in denying the department's request for termination of the mother's parental rights.

Judgment affirmed.

SMITH and METZGER, JJ., concur.