**The PEOPLE of the State of Colorado, Petitioner–Appellant,**

**IN the INTEREST OF C.R. and J.R., children, And Concerning M.R. and M.R., Respondents–Appellees.**

**No. 87CA1871.**

Colorado Court of Appeals, Div. V.

Feb. 16, 1989.

Rehearing Denied March 23, 1989.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo.Const., art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

Charles P. Siner, County Atty., Rebecca Ann Hollaway, Asst. County Atty., Brighton, for People of State of Colo.

Shari F. Shink, Denver, guardian ad litem.

Loren S. Ginsburg, Englewood, for respondent M.R. (father).

Karen S. Johnson, Denver, for respondent M.R. (mother).

CRISWELL, Judge.

This is an appeal from an order denying a motion to terminate the parent-child relationship between C.R. and J.R., children, and their parents, M.R. and M.R. We reverse and remand with directions.

The children were adjudicated dependent and neglected in December 1985 in Adams County. Treatment plans for both parents were approved and adopted by the court in February 1986. The parents later moved to Denver, at a time when the mother was expecting a third child. That third child was adjudicated dependent and neglected, upon a petition filed by the Denver Department of Social Services, and the Denver juvenile court approved treatment plans for both parents nearly identical to the previous Adams County plans.

A motion to terminate the parent-child relationship with respect to the older two children was ultimately filed in Adams County. Following a hearing on the question of termination, the district court found that, although the other criteria for termination set forth in § 19-11-105(1)(b), C.R.S. (1986 Repl.Vol. 8B) had been met, the treatment plans became inappropriate after the parents moved to Denver. Its determination was based on the "duplicative requirements" and "oppressive" nature of those plans that resulted, in part, from the parents' move to Denver and the requirement that they comply with two treatment plans, one in Denver and one in Adams County. We conclude that the district court erred in finding that the treatment plans were inappropriate.

An "appropriate treatment plan" is one "reasonably calculated to render the particular respondent fit to provide adequate parenting to the child within a reasonable time and which relates to the child's needs." Section 19-3-508(1)(e)(II), C.R.S. (1988 Cum.Supp.). The appropriateness of a treatment plan must be evaluated by its likelihood of success in reuniting the family through the elimination of those factors which initiated state intervention. *People in Interest of M.M.*, 726 P.2d 1108 (Colo. 1986); *People in Interest of A.E.*, 749 P.2d 450 (Colo.App.1987).

Here, the mother's Adams County treatment plan required her to: (1) attend parenting classes, (2) meet with the social worker for scheduled counseling sessions, (3) secure sufficient employment and obtain a place of residence, (4) receive regular pre-natal care with regard to the then unborn third child, and (5) visit and interact regularly with her children.

The Adams County treatment plan for the father required him to: (1) attend scheduled appointments with abuse treatment therapists and with the social worker, (2) receive drug and alcohol tests and obtain any recommended treatment, (3) attend parenting classes, (4) secure adequate living arrangements for himself and his children, (5) seek employment counseling to better his employment status, and (6) regularly visit the children.

A few months after these plans were established, the mother's treatment plan was amended to require her to receive drug

**674**

and alcohol tests and to obtain any recommended treatment. Also, both parents' treatment plans later required that they receive psychological evaluations and, if needed, appropriate counseling.

These plans were clearly designed to accomplish the purposes of the statute, *i.e.*, to modify the parents' behavior so that they might become competent suitably to care for their children. There is no evidence of duplicate performances being required of either of them. Caseworkers from both Denver and Adams County testified to their coordination of services and requirements. Compliance in one location was recognized in both proceedings. Indeed, the mother admitted that her plan was reasonable.

We recognize that the determination whether a treatment plan becomes inappropriate involves questions of fact, as well as of law. However, the record shows that the district court reviewed the parents' compliance with the plans on six occasions prior to the time that the motion to terminate was filed, and no issue was ever raised as to their inappropriateness during those reviews. Further, it is undisputed that the treatment plans adopted by the two jurisdictions did not require duplicative efforts, and the statute then in effect, § 19–1–105, C.R.S. (1986 Repl.Vol. 8B), did not require a change of venue from Adams County to Denver merely because the parents changed their residence after the initial petition was filed. Under these circumstances, we conclude that the evidence was insufficient, as a matter of law, to support the district court's finding that the treatment plans were inappropriate.

The district court found that the parents were unfit and unlikely to become fit within a reasonable time. Thus, since we conclude that the treatment plans were not inappropriate, the statutory criteria for termination were proven to exist.

Accordingly, the district court's order is reversed, and the cause is remanded to that court with directions to enter an order terminating the parent-child relationship between the children, C.R. and J.R., and the parents, M.R. and M.R.

METZGER and HUME, JJ., concur.