for other reasons. *See People v. Albrecht,* 145 Colo. 202, 358 P.2d 4 (1960).

**The PEOPLE of the State of Colorado, Petitioner–Appellant,**

**In the Interest of D.B., E.B., A.B. and B.B., Children, and Concerning H.F.B. and P.B., Respondents–Appellees.**

**No. 92CA0812.**

Colorado Court of Appeals, Div. III.

May 6, 1993.

Dunn, Abplanalp & Christensen, P.C., John W. Dunn, Diane L. Herman, Vail, for petitioner-appellant.

Tyler Law Offices, James M. Tyler, Frisco, guardian ad litem.

Smollen & Rockwell, Lindạsue Smollen, Kevin C. Paul, Boulder, for respondents-appellees.

Opinion by Judge CRISWELL.

In this proceeding for termination of the parent-child legal relationship, the People appeal the trial court's order denying termination, contending that the trial court failed to give primary consideration to the physical, mental, and emotional needs of the children, D.B., E.B., A.B., and B.B. The parents, H.F.B. and P.B., and the guardian ad litem assert that an order denying a motion to terminate the parent-child legal relationship is not a final, appealable order and, therefore, that the appeal must be dismissed. We agree and dismiss the appeal.

Generally, but with certain exceptions not applicable here, this court may review only final judgments of a district, probate, or juvenile court. Sections 13–4–102(1), C.R.S. (1987 Repl.Vol. 6A) and 19–1–109, C.R.S. (1992 Cum. Supp.); C.A.R. 1(a)(1); *D.H. v. People,* 192 Colo. 542, 561 P.2d 5 (1977). "A final judgment is 'one which ends the particular action in which it is entered, leaving nothing further for the court pronouncing it to do in order to completely determine the rights of the parties involved in the proceeding.'" *People in Interest of E.A.,* 638 P.2d 278, 282 (Colo. 1982).

Under the Colorado Children's Code, §§ 19–3–101, et seq., C.R.S. (1992 Cum. Supp.), the trial court retains jurisdiction of

28

a dependency and neglect proceeding following the denial of a motion to terminate the parent-child legal relationship, *see* § 19–3–205, C.R.S. (1992 Cum. Supp.), and there is no bar to the refiling of such a motion at a later date. *See People in Interest of L.D.,* 671 P.2d 940 (Colo.1983). Thus, an order denying termination does not "completely determine the rights of the parties involved" and is interlocutory in nature. *See D.H. v. People, supra.*

Although this court has considered appeals from the denial of motions to terminate, *see People in Interest of C.R.,* 772 P.2d 672 (Colo.App.1989); *People in Interest of K.C.,* 685 P.2d 1377 (Colo.App.1984), the issue of finality was not raised or addressed in those appeals. *See D.H. v. People, supra,* (fn. 2).

■ This court has no authority to enlarge upon the jurisdiction that has been granted to it by statute, *Bill Dreiling Motor Co. v. Court of Appeals,* 171 Colo. 448, 468 P.2d 37 (1970); *People v. Meyers,* 43 Colo.App. 63, 598 P.2d 526 (1979). Thus, irrespective of the claimed significance of such an order to the children involved, the order must be the equivalent of a final judgment in order for this court to review it. *See D.H. v. People, supra.*

Appeal dismissed.

NEY and REED, JJ., concur.