364 A.2d 893

COMMONWEALTH of Pennsylvania

v.

**Jerome SILO, Appellant.**

Supreme Court of Pennsylvania.

Argued June 27, 1975.

Decided Oct. 20, 1976.

Neil Jokelson, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Deborah E. Glass, Asst. Dist. Atty., Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

PER CURIAM.

Appellant Jerome Silo was convicted after trial by jury of murder of the first degree for the death of his

mother. Post-trial motions were filed, argued and denied by a court en banc. This direct appeal followed.

During the argument before the court en banc the question of appellant's competency to stand trial was raised and rejected. In the brief filed by counsel on appellant's behalf before this Court, this argument has not been pursued. The reason given for this decision is as follows:

> "Issues which were believed to have been appropriate to be raised in this case by counsel have been raised herein. Counsel, however, by filing this brief and restricting his argument to consideration of the points made herein does not seek to waive the claim that the appellant was incompetent at the time that he was tried and may even be incompetent to consult with counsel during the taking of this appeal. These issues, have, however, not been raised as it is counsel's understanding that appellant himself has specifically objected to the making of such arguments."

The question of competency is an issue that cannot be effectively waived. If there is any basis in the record that would support such a claim, counsel is duty bound to present that issue to the Court. To consider the other issues presented without first addressing the question of competency would be a waste of judicial time since the validity of the proceedings below would be dependent upon a determination of appellant's competency. Further, it would be improper for us to proceed with the instant appeal if in fact appellant was not competent to consult with counsel in its preparation.

For these reasons we direct counsel to file a supplemental brief within 30 days of the filing of this opinion, setting forth all arguments which might support the contention that appellant was incompetent either at the time that he was tried for this offense or as to his competency to consult with counsel during the instant ap-

peal, or both. The Commonwealth will be provided a similar amount of time after the filing of appellant's supplemental brief to respond.

It is so ordered.

POMEROY, J., concurs in the result.