15 A.3d 68

**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Robert DIAMOND, Appellant.**

Supreme Court of Pennsylvania.

March 4, 2011.

## *ORDER*

PER CURIAM.

**AND NOW,** this 4th day of March, 2011, the "Petition to Stay Proceedings During Appellant's Incompetency and Request to File Amended 1925(b) Statement" is **DENIED.** Both the Petition and the Commonwealth's Response assume that some level of competency in the appellant is required before a direct capital appeal may proceed; the parties then dispute whether appellant's proffer establishes incompetency. Upon consideration of the parties' pleadings and the submission of the trial judge, suggesting a remand, we hereby **REMAND** this matter to the trial court for a hearing and determination, as expeditiously as possible, on appellant's claim that he is incompetent to proceed with this direct appeal.

In addition to determining competency, we direct the parties to address, and the trial court to determine in the first instance, the following predicate and related questions which are necessary to a proper decision here:

(1) What is the appropriate standard for assessing the competency of a capital defendant to proceed with a direct appeal?

(2) Must a capital defendant be deemed competent under that standard before the direct appeal may proceed to decision, or may the appeal proceed upon the issues of record identified and briefed by counsel, and this Court's statutory review? In this consideration, the parties and the trial court are directed to address (a) the availability and relevance of the appointment of a next friend or guardian for purposes of prosecuting the appeal, *see Commonwealth v. Haag*, 570 Pa. 289, 809 A.2d 271 (Pa.2002); and (b) the efficacy, propriety and relevance of administering medication to appellant, in order to determine appellant's interest in pursuing his appeal, and to facilitate his participation. *See Commonwealth v. Watson*, 597 Pa. 483, 952 A.2d 541 (Pa.2008); *Commonwealth v. Sam*, 597 Pa. 523, 952 A.2d 565 (Pa.2008).

The trial court is further directed to issue an opinion which addresses the above questions, as well as the questions set forth in appellant's Pa.R.A.P.1925(b) statement. The parties will then follow the briefing schedule duly established by this Court's Prothonotary and will fully brief all relevant merits issues, as well as issues respecting the competency determination, if any. The appeal will not be bifurcated for a separate and preliminary consideration of the competency issue, including the effect of any finding of incompetency upon the power of this Court to proceed with a merits disposition, prior to briefing on the merits. The record is to be made complete, and the briefing is to be made complete, prior to argument and submission of the case for decision before this Court.

Matter remanded with directives; jurisdiction is relinquished.

Justice TODD files a Dissenting Statement joined by Justice BAER.

Justice TODD, dissenting.

I strongly disagree with the Court's extraordinary approach of injecting weighty constitutional issues into this capital

matter, *sua sponte*, especially where neither of the parties has even hinted that such issues are implicated herein. Indeed, this Court generally refrains from reaching constitutional issues if the question before the Court may be resolved on an alternative basis,[1] yet, curiously, the Court goes out of its way to take the novel step of ordering briefing on the possible appointment of a next friend or guardian and the propriety of administering psychiatric medication to facilitate Appellant's participation in his direct appeal. Thus, I respectfully dissent from the Court's precipitous introduction of these significant constitutional issues into this matter, and, on the contrary, believe that the proper course of action is to save resolution of these issues for an appropriate appeal when they are properly raised and before us for disposition.[2]

Generally, our Court mandates the presence of an actual controversy before addressing a matter. Ordinarily, we con-

1. *See Commonwealth v. Karetny*, 583 Pa. 514, 880 A.2d 505, 519 (2005); *Commonwealth v. Hughes*, 581 Pa. 274, 865 A.2d 761, 783 n. 24 (2004); *In re Fiori*, 543 Pa. 592, 673 A.2d 905, 909 (1996).

2. I express no disagreement with the Court's order: (1) denying Appellant Robert Diamond's petition to stay the proceedings during Appellant's incompetency; (2) remanding the matter for a hearing to determine competency; (3) directing the parties and trial judge to address the appropriate standard for assessing the competency of a capital defendant to proceed with a direct appeal; and (4) directing the parties and trial court to address whether a capital defendant must be deemed competent under that standard before a direct appeal may proceed. Respecting these issues, however, I note that, at this juncture, the parties' advocacy is somewhat cursory. To aid in this Court's resolution of these significant issues, I would also instruct the parties, with respect to the question of the appropriate standard for assessing the competency of a capital defendant to proceed with a direct appeal, to address, *inter alia*, the following decisions: *Commonwealth v. Zook*, 585 Pa. 11, 887 A.2d 1218 (2005); *Commonwealth v. Haag*, 570 Pa. 289, 809 A.2d 271 (2002); *In re Heidnik*, 554 Pa. 177, 720 A.2d 1016 (1998); *Commonwealth v. Silo*, 469 Pa. 40, 364 A.2d 893 (1976); and *Ford v. Wainwright*, 477 U.S. 399, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986). Concerning the issue of whether a capital defendant must be deemed competent under that standard before the direct appeal may proceed to decision, or whether the appeal may proceed upon the issues of record identified and briefed by counsel, I would instruct the parties to discuss, *inter alia*, the following decisions: *Commonwealth v. Haag*, 570 Pa. 289, 809 A.2d 271 (2002); *Commonwealth v. Passaro*, 504 Pa. 611, 476 A.2d 346 (1984); *Commonwealth v. Silo*, 469 Pa. 40, 364 A.2d 893 (1976);

sider whether the issues are adequately developed and the hardships a party will suffer if review is delayed. Indeed, the basic rationale of this ripeness doctrine is to prevent the premature adjudication of abstract disagreements over policy.[3] Here, the Court's introduction of issues concerning next friend and involuntary medication are not even remotely implicated in this appeal, and forces the parties to provide advocacy on abstract, hypothesized, and manufactured disagreements. To ask these parties to provide input on issues that they have not raised, and which are not implicated in this appeal, is unsound and contrary to bedrock jurisprudential principles. Thus, I respectfully dissent from the Court's order.

Justice BAER joins this dissenting statement.

*Fisher v. State*, 845 P.2d 1272 (Okla.Crim.App.1992); *People v. Kelly*, 1 Cal.4th 495, 3 Cal.Rptr.2d 677, 822 P.2d 385 (1992); *Nash v. Ryan*, 581 F.3d 1048 (9th Cir.2009); and *Holmes v. Buss*, 506 F.3d 576 (7th Cir.2007).

3. *Bayada Nurses, Inc. v. Com. Dep't of Labor and Indus.*, 8 A.3d 866, 874 (Pa.2010); *Town of McCandless v. McCandless Police Officers Ass'n.*, 587 Pa. 525, 901 A.2d 991 (2006).