NOTICE

*The text of this opinion can be corrected before the opinion is published in the*
*Pacific Reporter. Readers are encouraged to bring typographical or other formal*
*errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

|  |  |
|---|---|
| WILLIAM I. BUXTON,<br><br>     Appellant,<br><br>   v.<br><br>STATE OF ALASKA,<br><br>     Appellee. | Court of Appeals No. A-11778<br>Trial Court No. 1KE-12-762 CR<br><br>O P I N I O N<br><br>No. 2457 — June 19, 2015 |

Appeal from the Superior Court, First Judicial District,
Ketchikan, Trevor N. Stephens, Judge.

Appearances: Renee McFarland, Assistant Public Defender, and
Quinlan Steiner, Public Defender, Anchorage, for the Appellant.
Eric A. Ringsmuth, Assistant Attorney General, Office of
Criminal Appeals, Anchorage, and Craig W. Richards, Attorney
General, Juneau, for the Appellee.

Before: Mannheimer, Chief Judge, and Allard and Kossler,
Judges.

Judge ALLARD.

The question before this Court is whether a criminal appeal should be
stayed if the defendant becomes mentally incompetent during the pendency of the appeal.
For the reasons explained here, we conclude that the appeal should not be stayed.

*Factual background and prior proceedings*

A jury convicted William Buxton of first-degree murder for the death of his aunt at their shared home in Metlakatla. At sentencing, a psychiatrist who evaluated Buxton testified that he had been diagnosed with schizophrenia.

Buxton appealed his conviction to this Court and his case is currently in the initial briefing stages. Based on her concerns that Buxton is no longer mentally competent, Buxton's attorney has filed a motion to stay his appeal and to remand the case to the superior court for a competency determination. The State opposes any stay of the appeal and argues that a competency determination is unnecessary because it is ultimately the attorney, not the defendant, who makes the final decision regarding which issues to brief.[1]

*Analysis*

We conclude that the proper approach to this issue is the one developed in the American Bar Association's *ABA Criminal Justice Mental Health Standards*.[2] This is also the approach followed by the majority of courts that have directly addressed this issue.[3]

---

[1]   *See Coffman v. State*,172 P.3d 804, 807-08 (Alaska App. 2007).

[2]   *See ABA Criminal Justice Mental Health Standards* § 7-5.4(b) (1989).

[3]   *See People v. Newton*, 394 N.W.2d 463, 466 (Mich. App. 1986) (holding that a defendant's mental incompetence does not require a stay of appeal), *vacated on other grounds by People v. Newton*, 399 N.W.2d 28 (Mich. 1987); *see also Fisher v. State*, 845 P.2d 1272, 1276-77 (Okla. Crim. App. 1992) (same); *People v. Kelly*, 822 P.2d 285, 413-14 (Cal. 1992) (same); *State v. White*, 815 P.2d 869, 878 (Ariz. 1991) (same), *abrogated on other grounds by State v. Salazar*, 844 P.2d 566, 584 (Ariz. 1992); *but see Commonwealth v. Silo*, 364 A.2d 893, 895 (Pa. 1976) ("[I]t would be improper for us to proceed with the instant appeal if in fact appellant was not competent toconsult with counsel in its

(continued...)

Criminal Justice Mental Health Standard § 7-5.4 ("Mental incompetence at time of noncapital appeal") addresses the situation we are confronted with here — where a defendant who is represented by counsel becomes incompetent during the pendency of the appeal. (We express no opinion regarding what standard should apply when the defendant is proceeding pro se or when the defendant is incompetent prior to the initial filing of the appeal, as those situations are not before us.)

Under the ABA Standard, if a good faith doubt about the mental competence of a defendant arises during the time of appeal, counsel is advised to "make such doubt known to the court and to include it in the record."[4] Mental incompetence, in this instance, means that a defendant "does not have sufficient present ability to consult with [his or her] lawyer with a reasonable degree of rational understanding, or ... does not have a rational as well as factual understanding appropriate to the nature of the proceedings."[5]

However, the mental incompetence of the defendant does not preclude continuation of the appeal "as to matters deemed by counsel or by the court to be appropriate."[6] Instead, the defense counsel is required to proceed with the appeal on behalf of the defendant and raise "all issues deemed by counsel to be appropriate."[7]

---

[3] (...continued)
preparation.").

[4] *ABA Criminal Justice Mental Health Standards* § 7-5.4(b)(i) (1989).

[5] *ABA Criminal Justice Mental Health Standards* § 7-5.4(a) (1989).

[6] *ABA Criminal Justice Mental Health Standards* § 7-5.4(b) (1989).

[7] *ABA Criminal Justice Mental Health Standards* § 7-5.4(b)(ii) (1989).

The accompanying commentary to the ABA standard explains that this approach is based on three different assumptions: First, that criminal defendants "generally wish ... to go forward expeditiously" with their appeals presumably because their interests are also best served by timely resolution of their appeal, which might overturn their conviction or modify their sentence.[8] Second, that although criminal defendants must make the decision of *whether* to appeal, they are otherwise required to rely on their counsel's strategic and tactical decisions as to what claims to raise on appeal and how those claims should be briefed.[9] And, lastly, that a defendant's incompetence "rarely affects the fairness or accuracy of appellate decisions" because defendants generally do not actively participate in appellate proceedings.[10]

The commentary also recognizes, however, that "it is theoretically possible that an appellant's mental incompetence might prevent counsel from acquiring information or learning of a client's concerns important to a proper disposition of an appeal."[11] For these reasons, subsection (c) of Standard § 7-5.4 provides that:

> Mental incompetence of the defendant during the time of appeal shall be considered adequate cause, upon a showing of prejudice, to permit the defendant to raise, in a later appeal or action for postconviction relief, any matter not raised on the initial appeal because of the defendant's incompetence.[12]

Thus, under this approach, which we adopt here, the direct appeal of a defendant suspected of being mentally incompetent moves forward to completion despite

---

[8] Commentary to *ABA Criminal Justice Mental Health Standards* § 7-5.4 (1989).

[9] *See Id.*

[10] Commentary Introduction to *ABA Criminal Justice Mental Health Standards* § 7-5.4 (1989).

[11] Commentary to *ABA Criminal Justice Mental Health Standards* § 7-5.4 (1989).

[12] *ABA Criminal Justice Mental Health Standards* § 7-5.4(1989)

the suspected incompetency. But if the defendant can later show that he was prejudiced by his appeal moving forward despite his mental incompetency, he will be able to obtain appropriate relief through subsequent post-conviction proceedings.

We acknowledge that requiring defense attorneys to proceed with the criminal appeal of a mentally incompetent defendant can raise ethical concerns for those attorneys.[13] We also acknowledge that defendants can contribute to the shaping of their attorneys' appellate presentations, and they can sometimes independently identify issues that should be raised on appeal. Moreover, we agree that there is a public interest in having defendants participate in the appellate process so that they may be in a position to understand the claims made on their behalf, and the appellate court's resolution of those claims.

Nevertheless, we conclude that the ABA Standard offers the best approach to this problem by ensuring timely resolution of pending appeals while still preserving procedural fairness for mentally incompetent defendants.

*Conclusion*

The motion for a remand to the superior court for a competency determination and to stay this appeal until the defendant is restored to competency is DENIED.

---

[13]   *See, e.g.*, Alaska R. Prof. Conduct 1.4 (duty to communicate with client); *see also* Alaska R. Prof. Conduct 1.14 (duty to client with impaired capacity).